**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-41061

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

ROBERTO SILVESTRE BRENES,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas, McAllen Division

---

April 27, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

In this appeal from the district court's sentence of Roberto Brenes, the Government argues that the district court erred by reducing the defendant's sentence for acceptance of responsibility and qualification under the safety valve provision. A jury convicted Roberto Brenes of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and possession

1

with intent to distribute 112 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 18 U.S.C. § 2. The Government presented evidence that Brenes purchased a van used in a drug transaction, acquired a hotel room in which part of a transaction took place, and arranged for a meeting between the buyer and seller. For his part in the conspiracy, Brenes received a percentage of the marijuana sale.

In a Presentence Investigation Report ("PSR"), the probation officer concluded that Brenes was responsible for the sale of 112 kilograms of marijuana. The probation officer recommended a base offense level of 26 with no adjustment for acceptance of responsibility. The officer stated that Brenes put the Government to its burden of proof by denying the essential factual elements of guilt and continued to assert his innocence during an interview after his conviction. The officer also found that Brenes did not qualify for a reduction of his total offense level under 18 U.S.C. § 3553, the safety valve provision. Based on an offense level of 26 and a criminal history category of I, the probation officer recommended that Brenes serve from 63 to 78 months in prison.

At the sentencing hearing, the trial court initially asked why Brenes had not taken advantage of the safety valve. The Government stated that Agent Rodriguez of the Drug Enforcement Administration met with Brenes, and Brenes continued to blame his involvement in the conspiracy on another defendant. At this point, the court realized that Brenes may not have accepted responsibility for his

2

conduct and therefore would not qualify for a reduction in his offense level under the sentencing guidelines. *See* U.S.S.G. § 3E1.1(a) (1998). After the judge repeatedly questioned Brenes about his responsibility for the crime, Brenes reaffirmed that he was not guilty. He claimed that he purchased the van only to transport musical instruments for his band, and that he did not intend for the van or the hotel room to be used in the conspiracy. The judge then informed Brenes that he could not reduce the sentence unless Brenes was willing to accept responsibility for his part in the crime. Brenes then admitted that he arranged the meeting between the buyer and seller, but continued to deny that he participated in the transaction. In response to the judge's repeated warnings that refusal to accept responsibility would result in an extended sentence, Brenes stated, "Well, I would take back my word if it's a benefit for me. I would agree that I was involved with it. . .."

Once Brenes admitted his guilt, the judge ordered a recess so that Brenes could meet with Agent Rodriguez. After the recess, the court questioned Agent Rodriguez and found that Brenes provided sufficient information to avail himself of the safety valve provision. The court subtracted two points for the safety valve and another two points for acceptance of responsibility. The court calculated a total offense level of 22, sentenced Brenes to serve two concurrent 41-month prison terms followed by three-years of

supervised release, and ordered a $200 special assessment.

DISCUSSION

The Government argues that the district court erred in reducing Brenes' sentence. The Government claims that Brenes did not accept responsibility and failed to qualify for a reduction of his offense level under the safety valve provision. We review the district court's factual determinations for clear error and the court's interpretations of law *de novo*. *See United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999).

I. Acceptance of Responsibility

A defendant is entitled to a reduction of his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. "In rare situations a defendant . . ." who puts the Government to its burden of proof at trial ". . . may clearly demonstrate an acceptance of responsibility for his criminal conduct." U.S.S.G. § 3E1.1 comment (n.2). "In each instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." *Id.* A district court's determination of whether a defendant is entitled to a reduction of his offense level for acceptance of responsibility is reviewed with even more deference than the pure "clearly erroneous" standard. *See United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996); *United States v. Bermea*, 30 F.3d 1539, 1577 (5th Cir. 1994), *cert. denied*, 513 U.S. 1156,

4

514 U.S. 1097 (1995). We will overturn the district court's conclusion that Brenes accepted responsibility only if it is without foundation. *See United States v. Brace*, 145 F.3d 247, 264 (5th Cir. 1998) (en banc).

The record on appeal is devoid of any attempt by Brenes to accept responsibility for his criminal conduct before or after trial. Brenes did not admit his guilt to the probation officer who prepared the PSR, and he continued to deny his guilt when questioned by the judge at the beginning of the hearing. Brenes admitted his responsibility only after the judge warned him that he could receive a greater sentence if he continued to deny his involvement in the drug transaction. After the judge warned him of the consequences of refusing to accept responsibility, Brenes stated, "Well, I would take my word back if it's a benefit to me."

Even under the deferential standard that applies to a district court's decision, we do not think that Brenes accepted responsibility in the manner required by the sentencing guidelines. As the comments suggest, only in rare situations should a defendant who put the Government to its burden of proof be afforded the benefit of accepting responsibility. A defendant cannot accept responsibility within the meaning of the sentencing guidelines if his acceptance is the product of repeated warnings by the judge at the sentencing hearing. We therefore find that the district court's conclusion concerning Brenes' acceptance of responsibility

is without foundation.

## II. The Safety Valve Provision

The safety valve provision requires a court to impose the guideline sentence, as opposed to a mandatory minimum sentence, if the defendant provided the Government all information that the defendant knows concerning the "offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2 (1998). The purpose of the safety valve is to "allow less culpable defendants who fully assist [] the Government to avoid the statutory mandatory minimum sentences." *United States v. Rodriguez*, 60 F.3d 193, 195 (5th Cir. 1995). The safety valve requires the defendant to provide information to the Government "not later than the time of the sentencing hearing." 18 U.S.C. § 3553(f)(5).

The district court called for a recess during Brenes' sentencing hearing in order for Brenes to meet with Agent Rodriguez. After the recess, the court interviewed Agent Rodriguez and determined that Brenes qualified for the benefits of the safety valve. The Government argues that the phrase "not later than the time of the sentencing hearing" requires a defendant to cooperate with officials prior to the commencement of the sentencing hearing. Brenes contends that the phrase means before or during the sentencing hearing.

The Seventh Circuit addressed this issue in *United States v.*

*Marin*, 144 F.3d 1085, 1091-92 (7th Cir. 1998), *cert. denied*, 525 U.S. 1184 (1999).  The court concluded that, based on the "language in the statute, the policy underlying such language, and the legislative history of the safety valve," defendants must disclose information by the time of the commencement of the sentencing hearing.  *Id.* at 1092.  We agree with the Seventh Circuit's practical approach and conclude that the district court erred as a matter of law by reducing Brenes' total offense level for information he revealed to Agent Rodriguez  during the sentencing hearing.[1]  We therefore vacate the district court's sentence and remand for re-sentencing with instructions that Brenes' total offense level not be reduced for acceptance of responsibility or for qualification under the safety valve provision.

VACATED and REMANDED

---

[1]Brenes' argues that the testimony of a police officer at trial supports his entitlement to the benefits of the safety valve.  A defendant bears the burden of demonstrating that the safety valve applies.  *See Miller*, 179 F.3d at 964.  The record indicates that, at the commencement of the sentencing hearing, neither the probation officer who prepared the PSR, Brenes' own lawyer, nor the district judge believed that the officer's testimony would support a reduction of Brenes' total offense level.  Given the fact that Brenes did not accept responsibility and failed to cooperate after trial, the officer's testimony alone does not support the district court's reduction of his sentence.