**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

––––––––––––––––

No. 99-51101

(Summary Calendar)

––––––––––––––––

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE BALBUENA,

Defendant - Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC SA-97-CR-199-ALL

August 6, 2001

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jorge Balbuena appeals his sentence imposed for his guilty plea conviction for possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We affirm.

––––––––––––––––

[*] Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

Balbuena's sole contention on appeal is that the district court erred in concluding that he was not entitled to a downward adjustment pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2. We review for clear error the district court's factual findings in declining to apply a § 5C1.2 reduction. *See United States v. Vasquez*, 161 F.3d 909, 910 (5th Cir. 1998). A factual finding is not clearly erroneous as long as it is "plausible in light of the record as a whole." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1996). We review de novo the district court's legal interpretation of § 5C1.2. *See United States v. Miller*, 179 F.3d 961, 963 (5th Cir. 1999).

Sentencing Guideline § 5C1.2 requires that a district court sentence a defendant convicted of a drug offense "in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5)." U.S.S.G. § 5C1.2. One of those criteria is that the defendant must "truthfully provide[] to the government all information and evidence [he] has concerning the offense. . . ."[1] 18 U.S.C. § 3553(f)(5). The defendant bears the burden of demonstrating that he has done so. *See Vasquez*, 161 F.3d at 912. Balbuena asserts that he provided the government with all of the information he had regarding the offense, and, thus, the district court erred in denying the him § 5C1.2 downward departure. We disagree.

To satisfy the disclosure requirement, the defendant must divulge all of the information that he has concerning the offense. *See United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001). In

---

[1] The other criteria for the safety provision are: (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence, credible threats of violence, or possess a firearm or other dangerous weapon in connection with the offense; (3) the defendant's offense did not result in death or serious bodily injury to any person; and (4) he was not an organizer, leader, manager, or supervisor of others and was not engaged in a continuing criminal enterprise. 18 U.S.C. § 3553(f). That Balbuena satisfied these four requirements is not in dispute.

this case, Balbuena's counsel stated at sentencing that Balbuena had not revealed information Balbuena had concerning the delivery, specifically, the name of person who drove the car delivering the cocaine to the motel. Additionally, Balbuena's recitation of the events surrounding the instant offense did not comport with the information the government knew through its surveillance. It was not until the district court granted a recess in the sentencing hearing that Balbuena recounted to the government the events of the offense in a manner more consistent with the government's surveillance information. Thus, the district court did not commit clear error in finding that Balbuena had not complied with § 5C1.2's disclosure requirement. *See United States v. Edwards*, 65 F.3d 430, 433 (5th Cir.1995) (holding that where defendant changed his account of the drug quantity involved in the offense, the district court could conclude that the defendant had not given the government all of the relevant information concerning the offense, and, therefore, the district court did not commit clear error in finding that § 5C1.2 did not apply). Furthermore, even assuming *arguendo* that Balbuena's recess account of the events constituted a full disclosure, that disclosure came too late. *See Brenes*, 250 F.3d at 293 (finding that the district court committed clear error when it gave the defendant the benefit of the safety valve provision when the defendant did not disclose his knowledge until a recess in the sentencing hearing). Therefore, the district court did not commit clear error in denying Balbuena a § 5C1.2 downward departure.

Accordingly, we AFFIRM Balbuena's sentence.