IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-21140
Summary Calendar

UNITED STATES OF AMERICA,

              Plaintiff-Appellee,

                              versus

TRAVIS BYRD,

              Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-339

November 7, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

     Travis Byrd was convicted by a jury of aiding and abetting the possession with intent to distribute 500 grams or more of cocaine. He appeals his conviction and sentence on multiple grounds.

     We find that the district court did not abuse its discretion by denying Byrd's request for a continuance after the district court granted his motion to substitute counsel on the first day of trial.  "Generally, a district court's refusal to continue a case

     *Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to accommodate an attorney brought in at the last minute is not an abuse of discretion."[1]  Byrd has not demonstrated that the denial resulted in specific and compelling or serious prejudice based on a purported lack of time for his new counsel to investigate alleged fact issues or to locate unidentified, out-of-state witnesses.[2] Because the district court did not arbitrarily or unreasonably refuse to grant a continuance, Byrd's conviction is AFFIRMED.[3]

Byrd's argument that the district court committed an *Apprendi* error by sentencing him for a quantity of drugs not proven to the jury beyond a reasonable doubt which resulted in a penalty above the prescribed statutory maximum is without merit.  Byrd was indicted for aiding and abetting the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and 18 U.S.C. § 2, and the quantity issue was submitted to the jury.  Byrd was sentenced to 235 months' imprisonment, but the statutory maximum under

---

[1]  *United States v. Pollani*, 146 F.3d 269, 272 (5th Cir. 1998).

[2]  *See United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999), *cert. denied*, 529 U.S. 1111 (2000); *United States v. Hughey*, 147 F.3d 423, 431-32 (5th Cir. 1998); *United States v. Krout*, 66 F.3d 1420, 1435-36 (5th Cir. 1995).

[3]  *See Hughey*, 147 F.3d at 431.

841(b)(1)(B)(ii) is 40 years.[4] As such, there can be no *Apprendi* error in his sentence.[5]

Where Byrd put the government to its proof at trial, the district court did not clearly err in denying Byrd's requested offense-level reduction for acceptance of responsibility.[6] That Byrd "accepted" the jury's verdict and cooperated with the probation officer during the interview conducted to prepare the PSR does not alter this conclusion.[7]

Finally, we reject Byrd's contention that the district court erred by increasing his offense level by two points for obstruction of justice based on his perjury at trial. The district court adopted the PSR and thereby adopted the findings therein, including that Byrd made statements at trial which proved to be untrue, and Byrd failed to proffer adequate rebuttal evidence, relying entirely on his unsworn objection to the obstruction of justice enhancement.[8] The district court also made a finding by orally

---

[4]  21 U.S.C. § 841(b)(1)(B).

[5]  *United States v. Garcia*, 242 F.3d 593, 599 (5th Cir. 2001).

[6]  *United States v. Brenes*, 250 F.3d 290, 292 (5th Cir. 2001); *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999); *United States v. Crow*,  164 F.3d 229, 239 (5th Cir. 1999).

[7]  *See Brenes*, 250 F.3d at 292; *United States v. Fox*, 248 F.3d 394, 411 (5th Cir. 2001).

[8]  *See United States v. Huerta*, 182 F.3d 361, 364-65 (5th Cir. 1999); *United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir. 1994).

rejecting Byrd's objection to the PSR's recommendation that a two-point enhancement for obstruction of justice be imposed.[9]

The district court did not clearly err in its finding that Byrd obstructed justice by lying on the stand. Contrary to Byrd's claims, the district court was not required to identify specific perjurious statements.[10] "Although the district court made no explicit findings as to the materiality of the perjurious statements, it is clear to us, as a matter of law, that those statements were material."[11] Moreover, insofar as Byrd failed to object to the district court's failure to make explicit findings of perjury or, more specifically, materiality and specific intent to obstruct justice or willful intent to provide false testimony, we review only for plain error.[12] We conclude that the district court's finding of obstruction of justice in this case was not clear error, much less plain error.[13] The finding of obstruction of justice based on perjury is plausible in the light of the record

---

[9] *United States v. Thomas*, 12 F.3d 1350, 1368 n.32 (5th Cir. 1994).

[10] *United States v. Gonzalez*, 163 F.3d 255, 262-63 (5th Cir. 1998).

[11] *United States v. Haas*, 171 F.3d 259, 268 (5th Cir. 1999); *see also United States v. Como*, 53 F.3d 87, 90, 91 (5th Cir. 1995).

[12] *Huerta*, 182 F.3d at 366.

[13] *See id.; Haas*, 171 F.3d at 268; *United States v. Powers*, 168 F.3d 741, 752-53 (5th Cir. 1999); *United States v. Morris*, 131 F.3d 1136, 1140 (5th Cir. 1997).

as a whole, and the application of the enhancement to Byrd's sentence did not result in a miscarriage of justice. Accordingly, Byrd's sentence is AFFIRMED.