IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                    _____

                           No. 02-50169
                         Conference Calendar

                    _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

MARIA GUADALUPE TIJERINA-QUEZADA,

                                              Defendant-Appellant.

                    --------------------
                Appeal from the United States District Court
                     for the Western District of Texas
                         USDC No. SA-01-CR-306-ALL
                    --------------------
                         October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Maria Guadalupe Tijerina-Quezada appeals her sentence
following her guilty plea to illegally reentering the United
States after being deported.  She argues that the district court
erred in refusing to downwardly adjust her sentence pursuant to
U.S.S.G. § 3E1.1 for acceptance of responsibility.

     While the district court's factual findings under the
Sentencing Guidelines are generally reviewed for clear error, a
determination whether a defendant is entitled to an adjustment

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for acceptance of responsibility is reviewed with even greater deference. United States v. Brenes, 250 F.3d 290, 292 (5th Cir. 2001). A downward adjustment for acceptance of responsibility requires the defendant to clearly demonstrate acceptance of responsibility. U.S.S.G. § 3E1.1. The defendant must also show sincere contrition. United States v. Nguyen, 190 F.3d 656, 658 (5th Cir. 1999). Our review of the record convinces us that the court's denial of acceptance of responsibility was not without foundation and, therefore, it is affirmed. See United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999).

Tijerina also appeals her sentence as unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), which cast doubt on the holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that 8 U.S.C. § 1326(b) involves a sentencing factor rather than an element of the offense. Tijerina acknowledges that her argument is foreclosed by Almendarez-Torres, which was not overruled by Apprendi. See Apprendi, 530 U.S. at 490; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow the precedent set in Almendarez-Torres unless and until it is overruled by the Supreme Court. Dabeit, 231 F.3d at 984 (5th Cir. 2000). The judgment of the district court is AFFIRMED.