**UNITED STATES,**

v.

**Brenda GOOD, Defendant.**

**No. 07–CR–30022–MAP.**

United States District Court,
D. Massachusetts.

Jan. 21, 2010.

Michelle L. Dineen Jerrett, Alex J. Grant, United States Attorney's Office, Springfield, MA, for United States.

Kent A. Schaffer, Birch, Horton, Bittner and Chcrot, P.C., Houston, TX, Norman J. Silverman, Silverman Law Group, Norman J. Silverman Silverman Law Group, Houston, TX, for Defendant.

## *MEMORANDUM AND ORDER RE: SANCTIONS AGAINST DEFENDANT'S COUNSEL*

PONSOR, District Judge.

Defendant has pled guilty to participating in a conspiracy to possess with the intent to distribute ten kilos of powered cocaine; she faces a ten-year minimum mandatory sentence. Defendant's counsel contends that Defendant is eligible for the protection of the so-called "Safety Valve," which would allow her to escape the mini-

mum mandatory term and receive a sentence pursuant to the Sentencing Guidelines. *See* 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

In order to be eligible for the Safety Valve, Defendant has the obligation "not later than the time of the sentencing hearing" truthfully to provide the government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or by common scheme or plan...." 18 U.S.C. § 3553(f)(5). The First Circuit has made it clear that "the deadline for making truthful and complete disclosure is the moment that the sentencing hearing starts." *United States v. Matos,* 328 F.3d 34, 39 (1st Cir.2003) (citations and footnote omitted). Its position is consistent with long established authority in other circuits. *See, e.g., U.S. v. Brenes,* 250 F.3d 290, 293–94 (5th Cir.2001) (requiring proffer before commencement of sentencing hearing, reversing lower court's reduction of sentence pursuant to proffer made during the hearing); *U.S. v. Brownlee,* 204 F.3d 1302, 1305 (11th Cir.2000) (requiring proffer "not later than the commencement of the sentencing hearing"); *U.S. v. Schreiber,* 191 F.3d 103, 107 (2nd Cir.1999) ("the deadline for compliance should be set at the time of the commencement of the sentencing hearing"); *U.S. v. Tournier,* 171 F.3d 645, 648 (8th Cir.1999) (finding defendant satisfied requirement where proffer completed "before the sentencing hearing"); *U.S. v. Marin,* 144 F.3d 1085, 1095 (7th Cir.1998) (requiring proffer before commencement of the sentencing hearing).

Defendant, along with privately retained counsel, arrived in this court from Texas on January 19, 2010, for sentencing. The issue of the application of the Safety Valve was hotly disputed in the pre-hearing briefing, with the government taking the position that Defendant was disqualified, first, because she was an "organizer, leader, manager, or supervisor" in the conspiracy and, second, that (despite a promise at the time of her plea) Defendant had never made an effort to sit down with the government and make her required proffer.

At the beginning of the sentencing proceeding, the court inquired as to the latter point. It emerged after some discussion that, in the four months since Defendant's plea, defense counsel had never followed up on his commitment to contact the government and bring his client in for the proffer session. He requested that Defendant be permitted to make her proffer forthwith.

Apart from the clear contrary authority, the idea of presenting a defendant for the Safety Valve proffer *after* a sentencing proceeding has commenced presents obvious practical problems that should have been readily apparent to counsel on five minutes reflection. Proffer sessions take time, sometimes a lot of time. This particular conspiracy was lengthy, involved multiple parties communicating and traveling between Massachusetts and Texas, and generated an extensive record of intercepted phone conversations. Moreover, the government is entitled to investigate and confirm representations made at a proffer hearing before agreeing that a defendant's responsibility in this regard has been satisfied.

Counsel's decision to wait until after the sentencing proceeding had begun finally to offer his client for the proffer session placed the court in an ugly position. On the one hand was the choice to enforce the First Circuit's clearly established timing requirement, deny Defendant the protection of the Safety Valve, and impose the mandatory ten-year term. On the other hand was the clumsy option of allowing Defendant some period of time, that day,

to try to get the proffer done. With great reluctance, the court postponed the sentencing from 11:00 a.m. to 3:00 p.m. to allow an attempt at the proffer to go forward.

It was no surprise, however, given the relative complexity of this case, when four hours later the government reported (without dispute from defense counsel) that the proffer remained far from complete and that significant questions remained in the government's mind about the forthrightness of Defendant's disclosures. Again, the court faced the dilemma of going forward with the sentencing, with the inevitable imposition of at least a ten-year mandatory sentence, or rescheduling both a date for the proffer and a date for sentencing. Out of concern that Defendant have a fair opportunity to make her proffer and not suffer the consequences of her attorney's poor judgment, the court rescheduled dates both for the proffer and for sentencing.

This mess never should have happened. The performance of defense counsel in these circumstances fell below the level of professionalism the court has a right to expect. It is well established that a defendant bears the responsibility of demonstrating an entitlement to the Safety Valve. *Matos*, 328 F.3d at 39. Defendant has the responsibility to come forward affirmatively to make the proffer required by § 3553(f)(5). Defense counsel, consistent with his professional responsibilities, should have taken steps to contact the U.S. Attorney and made Defendant available for the proffer days, if not weeks, prior to the sentencing proceeding, as he promised at the time of the plea.

The astonishing failure of defense counsel to take this relatively simple step raises concerns with the court about whether the decision may have been tactical. As noted above, in addition to the proffer issue, the government and Defendant have a heated disagreement about whether Defendant was an "organizer, leader, manager, or supervisor" of the conspiracy. Although counsel denies entertaining tactical considerations, the court remains concerned that Defendant may have been holding back from making a proffer to avoid providing the government with information that would strengthen the government's argument that Defendant did in fact perform an enhanced role in the conspiracy. This type of gamesmanship has no legitimate place in the sentencing process.

Although the court did reluctantly agree to postpone the sentencing given the serious potential consequences for Ms. Good, some sanction directed to defense counsel is necessary to address this lapse of professionalism. Following its continuance of the sentencing proceeding, the court indicated orally that, since the sentencing proceeding should properly have been concluded on January 19, 2010, the court would order defense counsel to forego charging Defendant any fee for services rendered after that date. The purpose of this memorandum is to confirm that order. The court hereby orders defense counsel to appear with Defendant at the proffer session with the government now scheduled for February 19, 2010, and to appear, fully prepared, at the sentencing now rescheduled for March 9, 2010, at 2:00 p.m., without any further charge to Defendant.

It is So Ordered.