# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-40598

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LLOYD WAYNE POWELL, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-cr-00042

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant Lloyd Wayne Powell, Jr. ("Powell") pleaded guilty on February 26, 2009, to one count of possessing with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). The Pre-Sentence Report ("PSR") calculated a total base offense level of 23 and a single criminal history point, producing a Guideline range of 46-57 months. The statutory minimum for the crime, however, was five years, and so the Guideline range became 60 months. 21 U.S.C. § 841(b)(1)(B). Defense counsel made

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objections to the PSR that were accepted, and the amended PSR indicated that the defendant was eligible for a safety valve reduction under 18 U.S.C. § 3553(f), which allows sentences below the statutory minimum for certain low-level drug offenders.[1] In order to qualify for the safety valve, a defendant must meet certain criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of

---

[1]

> The safety valve provision was enacted in response to concerns that mandatory minimums are not compatible with the guideline regime. The provision addressed the following irony: Mandatory minimums had, and have, little real impact on the sentences received by serious repeat offenders, where the guideline calculation arrives at a base offense level higher than the mandatory minimum, and where mitigating factors may therefore be considered. Prior to passage of section 3553(f), however, for the least culpable offenders, mandatory minimums operated to block sentences from reflecting the very mitigating factors that could ease sentences of the more culpable. Ironically, courts were obliged to impose upon the least culpable defendants sentences similar to those imposed on more culpable counterparts. As a House Report noted, the safety valve provision was designed to "permit . . . greater integration between sentencing guideline mitigating factors and mandatory minimums . . . "

*United States v. Miranda-Santiago*, 96 F.3d 517, 527 n.22 (1st Cir. 1996) (citing H.R.Rep. No. 460, 103d Cong., 2d Sess. 4 (1994).

> the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). The Government does not contest that the first four criteria were satisfied in this case; only the fifth is at issue.

The defendant's sentencing was originally scheduled for May 14, 2009. Two days before the original sentencing, defense counsel moved for and was granted a continuance. The day before the rescheduled sentencing, on May 27, 2009, the defendant debriefed with a Government agent in order to satisfy the fifth criteria of § 3553(f). The record does not make clear exactly why the defendant did not debrief until the day before the sentencing, although it appears to have had something to do with a scheduling conflict between defense counsel and the agent. The agent who debriefed the defendant was not able to appear at the sentencing hearing itself, which took place on May 28, 2009. At sentencing the AUSA present, who was not the lawyer staffed on the defendant's case, indicated that it was her understanding that defense counsel and the AUSA in charge of defendant's case had agreed to ask for a continuance so that the Government could verify the information the defendant provided in his debrief. The district court, however, objected to the request for the continuance, expressing concern that the debrief had happened only the previous day, and that the delay was disrespectful to the district court's need for efficiency in scheduling. When the district court stated it was inclined to deny the continuance, defense counsel requested that the defendant be granted the safety valve. Defense counsel argued that the statute had no verification requirement, and that the Government only need believe that the information provided was truthful. The district court disagreed, stating:

> Well, it is a requirement of this Judge that it be verified, to some degree. . . . How can it be truthful if it's not verified? . . . [P]rior to the time of sentencing does not mean that he gets to come the day before the court and deny the Government an opportunity to review

the information that he gives, because part of that is it's got to be truthful information, in the [language of the statute.] . . . And the Government's entitled to check it out.

The district court explained that it was going to deny the continuance, and that because "[defense counsel] waited until the last minute to debrief . . . it's going to result in a penalty to [the defendant]." The district court sentenced the defendant to the statutory minimum of 60 months, followed by five years of supervised release. The defendant timely appealed.

On appeal the defendant argues that the district court erred in denying him the safety valve reduction. We review a district court's interpretation of sentencing statutes and the sentencing guidelines *de novo. United States v. Carter*, 595 F.3d 575, 577 (5th Cir. 2010).  A district court's finding that a defendant does not qualify for the operation of the statutory safety valve contained in 18 U.S.C. § 3553(f) is a factual finding reviewed for clear error. *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). In this case there is both a question of statutory interpretation (what the safety valve statute requires for operation) and a question of fact (whether the defendant met the statute's requirements). The district court erred on both fronts.

When seeking a safety valve reduction, the defendant bears the burden of proving his eligibility. *United States v. Flanagan*, 80 F.3d 143, 145-46 (5th Cir. 1996). If the Government opposes the safety valve, however, on the grounds that a defendant has not satisfied the fifth criterion – i.e., has not truthfully provided all the information he has concerning the offense or course of conduct that gave rise to the crime of conviction – it must offer more proof than "mere[] speculat[ion]." *United States v. Miller*, 179 F.3d 961, 969 (5th Cir. 1999). "[A] mere challenge to factual findings at sentencing does not automatically exclude application of [the safety valve]." *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). Thus, "where a defendant in her submissions credibly

demonstrates that she has provided the government with all the information she reasonably was expected to possess, in order to defeat her [claim to the safety valve], the government must at least come forward with some sound reason to suggest otherwise." *United States v. Miranda-Santiago*, 96 F.3d 517 (1st Cir. 1996); *see also Miller*, 179 F.3d at 969 (quoting *Miranda-Santiago* approvingly and at length). In other words, "[t]he government cannot assure success simply by saying, 'We don't believe the defendant,' and doing nothing more." *Miranda-Santiago*, 96 F.3d at 529.

In this case the AUSA offered no specific doubts as to the veracity of the defendant's debriefing, and in fact did not even suggest that information was suspected of being untruthful, saying only: "This Defendant would be safety valve eligible, might be. He did debrief, but just yesterday. The agent has not had an opportunity to corroborate the statements." Our cases make clear that this was insufficient to disqualify the defendant from receiving the safety valve reduction on the basis of failing to satisfy the statute's fifth requirement. As for the district court's implicit holding that the statute requires a defendant to give the Government an unspecified period of time in which to corroborate his information before sentencing, we are in accord with our sister circuits in having held that the statute requires only that the defendant debrief prior to the commencement of the sentencing hearing. *See United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001) (holding that the statute requires debriefing by the "the time of the commencement of the sentencing hearing" and that a defendant is not entitled to the safety valve if he waits to provide truthful information until his sentencing hearing has already begun). *See also United States v. Mejia-Pimental*, 477 F.3d 1100, 1106 (9th Cir. 2007) ("a defendant satisfies his . . . obligation by providing the Government with truthful, complete information by the time of the sentencing hearing"); *United States v. Madrigal*, 327 F.3d 738, 745-46 (8th Cir. 2003) (holding that the statute requires disclosure only by the

time of the sentencing hearing and that the continuance of a sentencing hearing did not change this deadline); *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000) ("We follow those circuits who have held that lies and omissions do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing."); *United States v. Schreiber*, 191 F.3d 103, 106 (2d Cir. 1999) ("The plain words of the statute provide only one deadline for compliance . . . . Indeed the text provides no basis for distinguishing among defendants who make full disclosure immediately upon contact with the government, defendants who disclose piecemeal as the proceedings unfold, and defendants who wait for the statutory deadline by disclosing 'not later than' sentencing."); *United States v. Marin*, 144 F.3d 1085, 1091 (7th Cir. 1998) (interpreting "the timing requirement to require complete and truthful disclosure by the time of the commencement of the sentencing hearing" but holding that a defendant may not earn the safety valve by providing truthful information only halfway through his sentencing).

We are not unaware of the policy concerns expressed by the district court – but these policy concerns are not reflected in the language of the statute. As the Ninth Circuit has explained, "[p]olicy concerns about the need for defendants to cooperate in the most helpful and efficient manner with the Government do not present a compelling justification for stretching the plain meaning of the statute [to require disclosure earlier than by the time of the sentencing hearing]." *Mejia-Pimental*, 447 F.3d at 1106. Some of our sister circuits allow the district court to take account of the circumstances of the proffer (including its timing) in evaluating the truthfulness of the debriefing for purposes of applying the safety valve. *See Schreiber*, 191 F.3d at 108 ("the facts surrounding a debriefing, or the lack of a debriefing, become part of the total mix of evidence for the district court to consider in evaluating the completeness and truthfulness

of the defendant's proffer"); *Brownlee*, 204 F.3d at 1305 (quoting and following *Schreiber*). Others require the district court to grant the safety valve but allow it to take account of any circumstances surrounding the proffer as part of the ultimate sentence through exercising its discretion under the § 3553(a) sentencing factors. *See Mejia-Pimental*, 447 F.3d at 1106 ("[T]o the extent that this conduct is not fully captured by the advisory Guidelines, the factors listed in 18 U.S.C. § 3553(a) allow district courts to account for reluctant cooperation by tailoring individual sentences accordingly").

Our case law makes clear that (1) the defendant need not debrief and provide truthful information at any particular time except prior to the commencement of the sentencing hearing, *see Brenes*, 250 F.3d at 293, and (2) if the Government wants to oppose the operation of the safety valve for an otherwise-qualified defendant on the basis of an allegedly untruthful proffer, it must do more than simply state it does not believe the defendant, much less state, as in this case, that it simply has no position on the information's truthfulness, *see Miller*, 179 F.3d at 969.  However, the safety valve provisions of 18 U.S.C. § 3553(f) do not require a court to accept a defendant's proffer as truthful when that proffer is made at so late a date that the Government has not had a reasonable period of time to verify the information provided by the defendant.  Under such circumstances, the district court has the discretion to grant a continuance to allow the Government to assess the truthfulness of the information.  The defendant in this case debriefed prior to the commencement of the sentencing hearing, and the Government requested a continuance to attempt to verify the information that had been provided. The district court denied that request.  Under these circumstances, the district court erred in denying the safety valve. We therefore REVERSE and REMAND for further proceedings consistent with this opinion.