# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2011

Lyle W. Cayce
Clerk

No. 10-20162
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO FIGUEROA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-368-3

Before GARWOOD, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armando Figueroa appeals from the sentence imposed for his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance. He argues that the district court erred by holding that he had failed to meet the fifth criterion set forth in U.S.S.G. § 5C1.2 and therefore did not warrant a two level decrease pursuant to U.S.S.G. § 2D1.1(b)(11). This court reviews the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's decision whether a defendant qualifies for the safety valve for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

The fifth criterion for eligibility for the safety valve reduction requires that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." U.S.S.G. § 5C1.2(a)(5); *see also United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001) (holding that truthful debriefing must take place before commencement of sentencing hearing). The defendant bears the burden of showing eligibility for the safety valve reduction. *Brenes* at 293 n.1; *United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999).

Examination of the record shows that the district court's determination that Figueroa had not truthfully provided the Government with all information he had regarding the offense was plausible in light of the record as a whole. *See United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). Figueroa had denied at rearraignment that he had been present at the Sandstone Street house, a fact which was refuted by the DEA agent's testimony. Figueroa's subsequent admissions, through counsel in the latter part of the sentencing hearing, of his presence at the Sandstone Street house were untimely for purposes of the safety valve provision and merely affirm the existence of that discrepancy. *See Brenes*, 250 F.3d at 293. The fingerprint evidence offered by the government, which was included in the unobjected to PSR and was not disputed by Figueroa, further serves to contradict the version of events offered by Figueroa.

Accordingly, the judgment of the district court is

AFFIRMED.