**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 6, 2011

No. 10-50250
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CYNTHIA REYES MARROQUIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-391-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cynthia Reyes Marroquin appeals from the 120-month sentence imposed for her conviction of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and her concurrent 60-month sentences imposed for her convictions of two counts of aiding and abetting the possession with intent to distribute 500 grams or more of cocaine. She argues that the district court clearly erred by finding that she had not met her burden of showing that she qualified for a safety valve adjustment pursuant to 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(f) and U.S.S.G. § 5C1.2. *See United States v. Flanagan*, 80 F.3d 143, 145-47 (5th Cir. 1996).

Setting aside that Marroquin cites no authority holding that the Government was bound by representations made during plea negotiations when no plea agreement was ever reached, her argument that the Government had agreed prior to trial that the safety valve adjustment was warranted ignores that the applicability of the adjustment was a matter for the district court to decide and was not subject to the Government's discretion. *See* § 5C1.2(a) (noting that the district court shall grant a safety valve adjustment "if the court finds" that the defendant satisfies the applicable criteria). Contrary to her assertion, the denial of the adjustment was not premised solely upon the credibility determinations of the interviewing detective; rather, the district court determined, based upon evidence adduced during trial and at sentencing, that Marroquin had not truthfully provided all information and evidence known to her during her pretrial debriefing. *See* § 3553(f)(5); § 5C1.2(a)(5). This court has rejected the proposition that a defendant whose sentencing hearing has commenced may cure her failure to fully debrief for safety valve purposes by doing so during a suspension of the proceedings. *See United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001).

AFFIRMED.