**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2012

No. 11-40204

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ELIZABETH ANN CHAMBERS

Defendant-Appellant

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 1:10-CR-30-2

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

After Defendant-Appellant Elizabeth Ann Chambers was convicted on three counts of drug trafficking, she was sentenced to the mandatory minimum sentence of 120 months. She appeals the sentence, contending that she was entitled to a reduced sentence under the "safety valve" provisions of U.S.S.G. § 5C1.2(a) and 18 U.S.C. § 3553(f). The only issue on appeal is whether Chambers made full and truthful disclosures about the criminal scheme prior to the sentencing hearing, as required by § 3553(f)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40204

Chambers initially declined to be interviewed by the probation officer. She later submitted a letter to the probation officer in which she implied that she did not know there were still drugs in the car when she embarked on the trip during which she was stopped and arrested. This account of the crime was inconsistent with trial testimony and the jury's verdict. Around the same time, she objected to the presentence report (PSR), asserting that she had made a full and truthful disclosure about the crime and was therefore entitled to a safety-valve sentence. In her objections, she did not report any effort to meet with the government and disclose more information. In a single sentence, she indicated a willingness to provide more information if the court was not satisfied that she had made a full disclosure.

The revised PSR and the PSR Addendum reported that she had not satisfied the full disclosure requirement. On the afternoon of the day before her sentencing, about two weeks after the PSR was revised and the PSR Addendum was issued, defense counsel told the government that Chambers would stand by her letter as a sufficient safety-valve disclosure. When the government responded that the letter was not sufficient, defense counsel asked for a debriefing but was informed that no agents were available for debriefing on such short notice. At the sentencing hearing, Chambers again asserted that she had satisfied the safety-valve requirements. She also moved for a continuance for debriefing. The government replied that debriefing would be a waste of time because Chambers was not credible. The court denied both safety-valve relief and a continuance, concluding that the request for debriefing was "way too late" and that Chambers would not have provided credible disclosures in any event, as shown by her exculpatory letter.

We review the district court's finding on full disclosure for clear error. *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir. 1996). In light of the exculpatory letter claiming that Chambers did not know that drugs were in the

No. 11-40204

car, which was plainly refuted by the verdict, the district court did not commit clear error by finding that Chambers was not credible and that the government's skepticism about developing helpful information from additional debriefing was justifiable. We therefore conclude that Chambers failed to satisfy the requirement of full and truthful disclosure prior to sentencing. *See United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995) (declining to apply the safety valve because the defendant gave incredible accounts of the offense).

As for Chambers' contention that she was entitled to a continuance for an eleventh-hour debriefing, we review the district court's denial of a continuance for abuse of discretion. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). We will uphold the district court's decision if it is not arbitrary or unreasonable under the totality of the circumstances. *Id.* Chambers offers no authority to support her implicit contention that she was entitled to an on-demand debriefing on the eve of sentencing, despite having given an incredible account of the crime previously and having persisted in that account until the last minute. She relies on our unpublished opinion in *United States v. Powell*, 387 F. App'x 491 (5th Cir. 2010), and the Seventh Circuit's decision in *United States v. Brack*, 188 F.3d 748 (7th Cir. 1999), to support her request for an eleventh-hour debriefing. Neither of those decisions is binding, analogous, or persuasive support for the proposition that Chambers was entitled to an on-demand debriefing on the eve of sentencing. The district court did not abuse its discretion by denying a continuance for debriefing. *See Stalnaker*, 571 F.3d at 439.

The judgment of the district court is AFFIRMED.