# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2012

Lyle W. Cayce
Clerk

No. 11-40436
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FERNANDO GOMEZ-TORRES, true name Pedro Alonso Galan-De La Torre

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S. Dist. No. 5:10-CR-2539-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Gomez-Torres, true name Pedro Alonso Galan-De La Torre ("Galan"), appeals his thirty-five month sentence for illegal presence in the United States following removal. Specifically, he appeals the district court's decision to count three points (rather than one point) for a prior 2004 conviction as a "prior sentence" towards his criminal history score. Galan's Guidelines sentencing range under his calculation would be 27-33 months, whereas his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40436

Guidelines sentencing range as determined by the district court was 30-37 months. We AFFIRM.

In 2004, Galan was convicted of illegal reentry (the 2004 Offense) and sentenced to 27 months followed by a period of supervised release. He was released from prison and deported on February 8, 2006. On February 21, 2006, we vacated his sentence and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Galan-De La Torre*, 167 F. App'x 990 (5th Cir. 2006).[1] Because he had already been deported, the ordered resentencing did not occur at that time.

Thereafter, Galan was found unlawfully present in 2010 (the 2010 Offense), the instant offense to which he pleaded guilty. Upon learning that the 2004 Offense resentencing had never occurred, the district court determined that Galan should be resentenced for the 2004 Offense before his sentencing for the 2010 Offense. The district court ultimately addressed the 2004 Offense case first, resentenced Galan to time served,[2] and then called the 2010 Offense for sentencing. Galan objected to the assessment of three criminal history points for the 2004 Offense reasoning that it was not a "prior sentence" because of the timing of the resentencing. Under the Guidelines, a prior offense where the

---

[1] Neither in this case nor in that case did any party raise the question of whether the sentencing appeal became moot by reason of Galan's deportation prior to the issuance of the 2006 appellate decision. *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 382-83 (5th Cir. 2007). In that situation, an argument could be made that we lacked jurisdiction in 2006 due to mootness in which case the vacatur would be a nullity and the 2004 Offense sentence would have remained in place. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006)("Whether an appeal is moot is a jurisdictional issue because it implicates Article III's requirement of a live case or controversy.") In that circumstance, the 2004 Offense sentence would clearly be a "prior sentence." Because we conclude that the sentence imposed at the resentencing hearing is a "prior sentence," we need not determine the mootness question raised by our 2006 decision. We note that the 2006 decision also affirmed Galan's conviction; an appeal of a conviction is not mooted by the discharge of a sentence. *United States v. Villanueva-Diaz*, 634 F.3d 844, 849 (5th Cir.), *cert. denied*, 132 S. Ct. 110 (2011)

[2] He was sentenced to time served of 27 months. The Government contends that the actual time served was 25 months. This disparity makes no difference to our analysis here.

No. 11-40436

sentence exceeded one year and one month results in three criminal history points, whereas a prior conviction for which no sentence has yet been imposed yields only one criminal history point. *Compare* U.S.S.G. § 4A1.2(a)(4)(providing for one criminal history point where a person has been convicted but not sentenced), *with* § 4A1.1(providing three criminal history points for a person whose "prior sentence" exceeded "one year and one month"). The district court overruled the objection, reasoning that, because Galan had been sentenced for the 2004 Offense before sentencing on the 2010 Offense began, that sentence counted as a "prior sentence."

On appeal, Galan challenges only this ruling. In so doing, he points to no authority for the proposition that the 2004 Offense sentence cannot be counted. A "prior sentence" is defined as "any sentenced previously imposed . . . for conduct not part of the instant offense." *Id.* at § 4A1.2(a)(1).[3] Galan's citation to *United States v. Ticchiarelli*, 171 F.3d 24 (1st Cir. 1999) for the proposition that his 2004 Offense sentence was not "previously imposed" is unavailing. In that case, the resentencing took place in the instant offense (analogous to the 2010 Offense here) and, between the original sentence for the instant offense and the resentencing, another sentence had been imposed in a different case (analogous to the 2004 Offense here). *Id.* at 27 (noting that the appeal raises "important questions as to the doctrines that govern the scope of the proceedings on remand for resentencing, including whether the trial judge could properly consider, as part of the criminal history . . . , a new conviction which took place between the first and second sentencings"). Those facts are not the facts we have here.

Galan also relies on *United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001). That case concerns the timing of debriefing for safety valve purposes under 18 U.S.C. § 3553(f) which requires that the debriefing occur "not later

---

[3] Galan does not content that the 2004 Offense is "part of the instant offense."

3

No. 11-40436

than the time of the sentencing hearing." *Brenes*, 250 F.3d at 293. We concluded that recessing the hearing in the middle to allow for the debriefing was too late.[4] These cases do not assist Galan.

Here, we have a court which addressed the cases separately, the 2004 Offense first, then the 2010 Offense. The district court's logical conclusion that, by the time it reached the 2010 Offense sentencing, the sentence it had just imposed for the 2004 Offense was "prior" is logical. We see no need to exalt form over substance by, for example, requiring a busy district court to send everyone in the hall after the resentencing hearing in the prior case and then call them back in for the sentencing hearing in the instant case or requiring some "time out" period in between the two hearings. The district court properly delineated between the two cases, and no one objected to holding the two hearings on the same day for the convenience of the parties and counsel. The district court did not err in assessing the three criminal history points.

AFFIRMED.

---

[4] Galan argues that the hearing on his resentencing and sentencing commenced the prior month when the cases were originally called, and his counsel requested a continuance. However, before any hearing on sentencing or resentencing began, defense counsel stated "before we begin" and then sought a continuance which was granted. At the subsequent hearing, the district court took great pains to state that it would take up the resentencing in the 2004 Offense case first and then would take up the 2010 Offense sentencing. This situation does not implicate the *Brenes* rule.