# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MISAEL JOSE RODRIGUEZ-SANCHEZ, also known as Jose Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-34

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Misael Jose Rodriguez-Sanchez pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and was sentenced to the statutory minimum term of 10 years of imprisonment and a three-year term of supervised release. On appeal, Rodriguez-Sanchez contends that the district court erred by denying him a safety valve reduction under U.S.S.G. § 5C1.2; finding that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50673

was accountable for 1.3 kilograms of methamphetamine actual; and denying him a mitigating role adjustment under U.S.S.G. § 3B1.2.

With respect to the safety valve, Rodriguez-Sanchez argues that the district court erred by failing to make findings of fact as to whether his letter was truthful and conflating the safety valve requirements with those for substantial assistance under U.S.S.G. § 5K1.1.  Because he did not specifically raise either of the arguments he now asserts in the district court, our review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To show plain error, Rodriguez-Sanchez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Rodriguez-Sanchez has not demonstrated a clear or obvious error.  While the district court did not make specific factual findings as to the truthfulness of the letter, it did give a brief explanation as to why it was rejecting the request for a safety valve, namely that the letter was of unknown content and not provided to the Government until shortly before sentencing.  Implicit in the denial was the district court's determination that Rodriguez-Sanchez had not given the Government sufficient time to verify the information in the letter and, accordingly, had not met his burden to demonstrate that he truthfully provided the Government with all relevant information and evidence regarding the offense.  *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996); *United States v. Powell*, 387 F. App'x 491, 496 (5th Cir. 2010).[1]  Nor is there any indication in the record that the district court conflated the requirements

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may nevertheless be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

for the safety valve with those for substantial assistance.  The district court found safety valve relief was inappropriate because Rodriguez-Sanchez had not carried his burden to demonstrate that he debriefed truthfully, given that the Government did not have a reasonable amount of time to verify the information provided in Rodriguez-Sanchez's late-disclosed letter.  *See Flanagan*, 80 F.3d at 146-47; *Powell*, 387 F. App'x at 496.

Further, even if Rodriguez-Sanchez had demonstrated a clear or obvious error, he has not demonstrated that he can satisfy the third and fourth prongs of the plain error test.  Accordingly, he has not demonstrated plain error.  *See Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 364-65.

As to Rodriguez-Sanchez's remaining arguments, the Government contends that if we reject the safety valve argument, even assuming Rodriguez-Sanchez's remaining issues are meritorious, any error must be harmless because Rodriguez-Sanchez received the statutory minimum sentence.  Absent the application of a statutory exception—a reduction under the safety valve or for substantial assistance—the district court did not have the authority to impose a sentence below the statutory minimum.  *See United States v. Montes*, 602 F.3d 381, 390 (5th Cir. 2010).  "An error in calculating the advisory Guidelines sentencing range in such circumstances is harmless, because the district court could not have imposed a lower sentence."  *United States v. Victor*, 519 F. App'x 306, 307 (5th Cir. 2013); *see also United States v. Sandle*, 123 F.3d 809, 813 (5th Cir. 1997).  Accordingly, we need not consider Rodriguez-Sanchez's remaining arguments because any error was harmless.

AFFIRMED.