# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUCY YANG,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-91-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Having been convicted pursuant to her guilty-plea, Lucy Yang appeals her 60-month sentence for possession, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Yang maintains the district court erred in finding she did not qualify for a reduction under the safety valve of Sentencing Guideline § 5C1.2 because she had not provided all truthful information about her offense to the Government.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11090

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Thus, for this claimed procedural error, a district court's factual finding that a defendant is ineligible for a safety-value reduction because she did not fully and truthfully debrief is reviewed for clear error. *E.g.*, *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). Along that line, a "factual finding is not clearly erroneous if it is plausible, considering the record as a whole". *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (internal quotation marks and citation omitted).

As Yang notes, the Government must offer more than mere speculation to show defendant failed to provide all truthful information. *See United States v. Miller*, 179 F.3d 961, 969 (5th Cir. 1999). In the instant matter, however, the Government pointed to specific false statements provided by Yang during her proffer interview and omissions in her written statement. Although Yang explained several areas of concern through her testimony at the sentencing hearing, "defendants must disclose information by the time of the *commencement* of the sentencing hearing". *United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001) (emphasis added). Moreover, even if Yang's above-referenced testimony at sentencing is considered, the Government pointed to

No. 16-11090

additional discrepancies between that testimony and her written statement. Therefore, Yang has not shown the court clearly erred in finding she was ineligible for a sentence reduction under the safety valve. *See McElwee*, 646 F.3d at 345.

AFFIRMED.