# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

Lyle W. Cayce
Clerk

No. 12-41031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADONYS MISAEL LOPEZ-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-679-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Adonys Misael Lopez-Moreno appeals the sentence of 96 months of imprisonment imposed following his guilty-plea conviction of being found in the United States after a prior deportation.  8 U.S.C. § 1326(a) and (b).  Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated analysis of the sentence.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  Under that standard, we first examine whether the district court committed any procedural errors, "such as failing to calculate (or improperly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, . . . tak[ing] into account the totality of the circumstances." *Id.*

Lopez-Moreno raises three procedural challenges to his sentence. He first contends that the district court based the sentence on an erroneous assumption that Lopez-Moreno received a sentence of 10 years' probation on a prior conviction for attempted sexual battery of a minor because the state court determined that he was going to be deported and thus no longer a problem in the United States. The first error resulted in a second and related error, Lopez-Moreno asserts, because the district court refused to consider the mitigating facts he presented. Lopez-Moreno did not raise these issues in the district court and we thus review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Lopez-Moreno fails to explain, much less show, how the district court's suggested explanation for the prior sentence is a clearly erroneous fact or that it was the basis of his sentence in the instant matter. The record indicates that the district court provided numerous reasons for the sentence, from which recitation the above statement was only a brief digression. Specifically, the district court noted the serious nature of Lopez-Moreno's prior convictions and the potential that Lopez-Moreno would commit future offenses. The district court determined that Lopez-Moreno's criminal history was greatly under-represented in light of the severity of his prior offenses, the relatively light penalties for those offenses, and the fact that several of the prior convictions were not counted in arriving at the advisory guidelines sentencing range. Further, the district court determined that those prior sentences had failed to provide a deterrent to future criminal conduct and concluded that Lopez-Moreno

presented a danger to the public. As to the mitigating facts Lopez-Moreno offered in regard to his prior conviction for attempted sexual battery of a minor, which consisted of his own statement that there had been no evidence he committed the offense and that he had only pleaded guilty in order to be released from prison on a sentence of probation, the district court indicated that it considered his statement but found the detailed records of the plea and conviction more credible than his denials of guilt. *See* 18 U.S.C. § 3553(a) (setting forth the factors courts must consider in imposing sentences).

In his third procedural challenge to his sentence, which challenge he preserved, Lopez-Moreno contends that the district court failed to adequately explain the above-guidelines sentence. "Congress requires the sentencing court to state 'the reasons for its imposition of the particular sentence.'" *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (citation omitted) (quoting § 3553(c)). While sentences within the Guidelines require "little explanation," the district court must more thoroughly articulate its reasons when it imposes a non-guidelines sentence. *United States v. Gomez-Herrera*, 523 F.3d 554, 564-65 (5th Cir. 2005); *see also Rita v. United States*, 551 U.S. 338, 357-59 (2007). The district court's reasons "should be fact specific and consistent" with the § 3553(a) factors. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citation omitted). We have held that there is no error if the sentencing record reveals the reasons for the sentence imposed and permits effective review by the appellate court. *United States v. Key*, 599 F.3d 469, 474-75 (5th Cir. 2010). As illustrated by the discussion above, the district court provided a detailed explanation of how it arrived at the sentence and its analysis of the sentencing factors of § 3553(a). Because the district court sufficiently articulated its reasons for imposing the sentence, Lopez-Moreno has shown no error. *See Key*, 599 F.3d at 474.

As to the substantive reasonableness of his sentence, Lopez-Moreno argues that the district court abused its discretion when it determined that a 96-month sentence was the least sentence necessary to fulfill the purposes of sentencing.

The Government argues that Lopez-Moreno's assertion at sentencing that the sentence was "greater than necessary to achieve the statutory purposes of 3553(a)" was insufficient to alert the court to the specific reasonableness challenges he raises in this court and the claim should thus only be reviewed for plain error. We need not determine whether plain error review is appropriate, however, because Lopez-Moreno's arguments fail even under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). We review whether the § 3553(a) factors support the sentence and give deference to the district court's determination that the § 3553(a) factors justify the variance. *Id.* "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted).

Before imposing the sentence, the district court considered the advisory guidelines range, the statutory penalties, the § 3553(a) factors, the facts set forth in the PSR, Lopez-Moreno's statement, and Lopez-Moreno's arguments at sentencing (the Government made no arguments). The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors, including the nature and circumstances of Lopez-Moreno's offense in light of his criminal history, Lopez-Moreno's history and characteristics, the need to afford adequate deterrence, and the need to protect the public. Although Lopez-Moreno's 96-month sentence is 39 months greater than the top of the 46-57-month guidelines range, we have

4

upheld variances greater than the increase to his sentence. *See Brantley*, 537 F.3d at 348-50 (upholding a variance to concurrent terms of 120 months and 180 months from a guidelines range of 41 to 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward departure to 120 months from a guidelines range of 46 to 57 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding departure to 120-month sentence where maximum of guidelines range was 41 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995) (affirming departure from guidelines maximum of 71 months to sentence of 240 months).

Lopez-Moreno's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors. *See Peltier*, 505 F.3d at 392. Instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Lopez-Moreno has not demonstrated that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349.

For these reasons, the judgment of the district court is AFFIRMED.