PER CURIAM: *
Defendant-Appellant Benet Schmidt pleaded guilty to one count of engaging in a child exploitation enterprise in December of 2011. After the district court sentenced Schmidt to 444 months of imprisonment, he timely appealed, challenging his sentence on procedural and substantive grounds. We affirm.
I. FACTS AND PROCEEDINGS
Schmidt made several posts containing child pornography to a members-only online bulletin board service called “Dreamboard.” That service’s administrators required applicants for membership to submit a post containing child pornography as part of the application. Such initial posts, like those made by existing members, typically included sample images, a description, and instructions for locating and downloading child pornography. Members risked deletion of *302 their Dreamboard accounts if they failed to post child pornography regularly.
Dreamboard’s structure comprised several membership levels. Higher levels afforded access to more child pornography; each member was entitled to view posts made by other members of equal or lower membership levels. “Administrators”— the highest level — approved or rejected membership applications and promoted or demoted members based on the content and number of their posts. There were four levels of membership below Administrator: “Super VIP.,”[1] “Super VIP,” “VIP,” and “Member.” Only members who posted child pornography that they had produced themselves could attain the “Super VIP.” level.
According to the factual basis, Schmidt made 70 posts, most of which were in the VIP area and thus available only to other VIP members and members of higher rank. The factual basis also states that Schmidt’s “level of membership was VIP.” It is not clear from the record, however, whether Schmidt’s membership began at the VIP level or began at the Member level and was subsequently elevated to the VIP level.
Schmidt pleaded guilty to one count of engaging in a child exploitation enterprise. The parties do not dispute that the district court properly calculated Schmidt’s Guidelines range as 240-293 months, given the statutory minimum of 240 months and the statutory maximum of life. This range reflects the 20-year statutory minimum, a total offense level of 38, and a criminal history category of I. The total offense level in turn reflects a base offense level of 35, a four-level enhancement for a victim under the age of 12, a two-level enhancement for use of a computer, and a three-level reduction for acceptance of responsibility.
At sentencing, Schmidt expressed remorse; apologized to the court, the victims, and society at large; acknowledged that he was addicted to child pornography; and expressed a desire to receive treatment for that addiction. He did not ask for a below-Guidelines sentence, but he did request leniency. Schmidt also characterized the child pornography he viewed as involving underage victims who were “smiling,” and suggested that he did not “realize that there was still abuse going on.” The government countered that Schmidt’s characterization was “distorted,” describing his posts as depicting “the worst kind of abuse of our very youngest children,” including four-year-old children being violently sodomized by adult men. The government offered that, if the contents of Schmidt’s images were placed along a continuum with those of all other co-defendants, “a 3553(a) sentence versus a guideline sentence” would be warranted.
The district court interrupted the government attorney’s remarks to note that Schmidt did not produce child pornography, a fact which the government attorney then acknowledged. At the conclusion of the government’s presentation, the district court adopted the Guideline calculation from the presentence investigation report (“PSR”) and stated that the Guidelines failed to reflect the nature and severity of the abuse of the children depicted in Schmidt’s posts. After the district court twice referred to Schmidt as a Super VIP-level member of Dreamboard, Schmidt conferred with his counsel, prompting the district court to ask whether the court had misstated something. Schmidt responded that he had been a VIP member, not a Super VIP member. The court acknowledged the correction, then commented: *303 “In this instance, I have to look at the nature of the posts as well, because it tells me that you were probably on the upswing, up the ladder, up the vine of membership levels that was Dreamboard.” The district court adopted the factual findings from the PSR and the addendum, then sentenced Schmidt to 444 months of imprisonment and a life term of supervised release.
After pronouncing the sentence, the district court made several explanatory comments. It described the content of Schmidt’s posts as “almost unbelievable” and “ranking] at or near the top” “in terms of the kind of material posted ... because these children are in obvious distress being sodomized by adult males.” The court noted that each act of distribution and each viewing of child pornography constitutes a separate act of abuse against the depicted child victims, and stated that it intended to protect the public from Schmidt’s future crimes. The court repeated that the Guidelines “do not adequately punish or describe ... how vile this type of abuse is with children.” It also stated that it had considered the sentencing factors listed in Title 18, United States Code, Section 8558(a), and concluded that the Section 3553(a) analysis was appropriate under the circumstances. It made specific reference to the Guidelines and to Schmidt’s personal characteristics, including his lack of criminal history, his involvement in the offense, and his addiction to child pornography. With regard to that addiction, the district court stated that it “appears to me to be progressive in kind and character, which is of serious concern to this Court.”[2]
II. STANDARD OF REVIEW
Schmidt made no objections to the PSR and made none during the sentencing hearing or when his sentence was imposed. Thus, our review is for plain error.[3] Only when a plain error affects both the defendant’s substantial rights and the fairness, integrity, or public reputation of judicial proceedings do we have discretion to correct it.[4]
III. ANALYSIS
A. Procedural Error
A district court commits procedural error when it “seleet[s] a sentence based on clearly erroneous facts.”[5] A district *304 court may draw reasonable inferences from the facts, and these inferences are factual findings that we review for clear error.[6]
Schmidt argues that the district court committed procedural error by selecting his sentence on the basis of two erroneous factual findings: (1) The Guidelines did not adequately address the content of Schmidt’s posts; and (2) Schmidt was on the “upswing” of membership levels at Dreamboard. Schmidt suggests further that the district court’s initial references to him as a Super VIP member, although corrected by Schmidt’s counsel at the sentencing hearing, nonetheless indicate “confusion” on the part of the court regarding the degree of Schmidt’s involvement.
We cannot even assume arguendo that, by weighing the content of Schmidt’s posts in fashioning his sentence, the district court made a factual finding that could possibly constitute procedural error, because we made clear in United States v. Dickson that a district court may “consid-ere ] the nature of the images” when sentencing a defendant for possession of child pornography.[7] In Dickson, we applied plain-error review to affirm the district court’s application of a sentencing enhancement.[8] The defendant correctly objected to the district court’s calculation of his base offense level, but we concluded that the court had ample independent bases for imposing an 840-month sentence, which was the statutory maximum and was significantly above the properly calculated Guidelines range.[9] These independent bases included the sadistic and violent content of the child pornography.[10] Here, the district court committed no error, plain or otherwise, when it considered the violent content of Schmidt’s posts. His claim of procedural error fails.
Schmidt’s remaining basis for claiming procedural error also fails. The district court made the following remark at the sentencing hearing, with emphasis supplied: “In this instance, I have to look at the nature of the posts as well, because it tells me that you were probably on the upswing, up the ladder, up the vine of membership levels that was Dreamboard.” We disagree with Schmidt’s contention that this remark was an unsupported mischaraeterization of his membership history. The district court assessed the posts — not Schmidt’s history of membership promotions or the lack thereof — and inferred from the posts that Schmidt “was probably on the upswing,” or that he would likely have received a promotion at some point in the future but for the intervention of law enforcement officers. As discussed above, the district court’s consideration of the nature of the posts was proper under applicable precedent. Neither did the district court plainly err when it inferred that Schmidt likely would have received a future promotion on the basis of the number of his posts, 70, and the graphically violent nature of the depicted abuse. The district court did not select a sentence based on erroneous facts or inferences, and therefore it did not procedurally err.
B. Substantive Error
In the next step of our bifurcated review, we consider the totality of the circumstances, including the extent of the *305 variance from the Guidelines range, to assess the substantive ' reasonableness of Schmidt’s sentence.[11] The United States Supreme Court has explained that, “[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so.”[12] Under some circumstances, a brief explanation will suffice, especially when the issue is “conceptually simple.”[13] We have also explained that “a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable.”[14]
Our “review for substantive reasonableness is ‘highly deferential,’ because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant.”[15] The deference we owe the sentencing court is even greater when, as here, our review is for plain error only. Moreover, although we “may consider the extent of the deviation, [we] must give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.”[16] To be sure, “[a] major departure should be supported by a more significant justification than a minor one.” But “[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.” [17] Ultimately, “[a] non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.”[18] The Supreme Court has soundly rejected a formulaic or “mathematical approach” to evaluating the substantive reasonableness of a variance, including an approach that attempts to quantify the variance and the justification and ensure that they are proportional.[19] As we have determined that the district court did not commit procedural plain error in sentencing Schmidt, we conclude our review for substantive error by addressing in turn each of the reasons Schmidt advances for such error.
Schmidt’s primary contention of substantive error is that the district court’s reasoning is insufficient to justify the extensive variance. More specifically, Schmidt urges that the district court clearly erred in balancing the sentencing factors. He suggests that the district court should have given greater weight to such factors as (1) the absence of evidence that he produced child pornography, (2) the absence of evidence that he participated in *306 setting up or administering Dreamboard, and (3) the fact that letters of support describe him as a warm person who suffers from psychological problems. In the same vein, Schmidt claims that the district court should have given less weight than it did to such factors as (1) the pain the child victims experienced, (2) the victims’ ages, and (8) the conclusional inference that Schmidt was on the “upswing,” as discussed above in the context of his claim of procedural error. Schmidt suggests that the district court sentenced him “as if he [were] the architect of the website and participated in sexual activity.”
The government responds that Schmidt’s sentence is substantively reasonable because the district court appropriately weighed the relevant factors, including (1) the nature of the images, (2) Schmidt’s admitted addiction to child pornography, and (3) the level of his participation in Dreamboard. The government insists that the district court’s explanation of its reasoning provides ample justification for the sentence it imposed.
The 151-month addition above the top of Schmidt’s advisory range constitutes a 51.5% upward variance. When assessing the substantive reasonableness of sen-fences, we have upheld some that were substantially above, or multiples of, the top of the Guidelines range.[20] Schmidt cites no opinion of this court reversing a sentence based on an error of judgment in balancing the sentencing factors, whether under plain-error review or under some more stringent standard. After considering the totality of the circumstances, including the extent of the variance and the district court’s justification, we conclude that the court did not plainly err in balancing the sentencing factors when fashioning Schmidt’s sentence.
Schmidt implies that the district court sentenced him above the Guidelines range without adequate notice. This contention fails because the notice requirement of Rule 32(h) of the Federal Rules of Criminal Procedure does not apply to variances.[21]
Schmidt further suggests that his counsel unreasonably failed to file a sentencing memorandum, to object to the presentence investigation report, and to object to the sentence at the sentencing hearing. These suggestions are unavailing because Schmidt did not challenge the effectiveness of his counsel’s assistance in the district court, instead offering these critical re- *307 marks for the first time on appeal. “[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.”[22] Accordingly, we decline to address this argument.
IY. CONCLUSION
Schmidt has failed to show that the district court committed plain error in sentencing him. We therefore AFFIRM his sentence.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The period in "Super VIP.” was part of that level’s label.

. The district court’s written Statement of Reasons also reflects its determination that Schmidt’s sentence was appropriate based on six of the statutory factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) the need to provide appropriate medical care or other correctional treatment to the defendant; and (6) the avoidance of unwarranted sentencing disparities among defendants.

. United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir.2009).

. See Mondragon-Santiago, 564 F.3d at 357 (citing United States v. Mares, 402 F.3d 511, 520 (5th Cir.2005)). Employing alternate phrasing, we have explained that plain-error review comprises four determinations: "(1) if there was error, (2) if it was plain, (3) if the error affects substantial rights, and (4) if allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Alvarado, 691 F.3d 592, 598 (5th Cir.2012) (citing United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see also United States v. Scott, 654 F.3d 552, 555 (5th Cir.2011) (citing United States v. Armstrong, 550 F.3d 382, 404 (5th Cir.2008)).

. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir.2006).

. United States v. Dickson, 632 F.3d 186, 192 (5th Cir.2011), cert. denied, — U.S. -, 131 S.Ct. 2947, 180 L.Ed.2d 236 (2011).

. Id. at 190-92.

. Id.

. Id.

. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see also United States v. Fraga, 704 F.3d 432, 439-40 (5th Cir.2013).

. Rita v. United States, 551 U.S. 338, 357, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

. Id.

. United States v. Smith, 440 F.3d 704, 707 (5th Cir.2006) (citations omitted); see also Fraga, 704 F.3d at 438-39.

. United States v. Hernandez, 633 F.3d 370, 375 (5th Cir.2011) (quoting United States v. Key, 599 F.3d 469, 473 (5th Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 997, 178 L.Ed.2d 832 (2011)).

. Gall, 552 U.S. at 51, 128 S.Ct. 586.

. Id. at 50-51, 128 S.Ct. 586. Generally, only within-Guidelines sentences are treated as presumptively reasonable, but the court "may not apply a presumption of unreasonableness” to sentences outside the guidelines. Id. at 51, 128 S.Ct. 586; see also United States v. Alvarado, 691 F,3d 592, 596-98.

. Smith, 440 F.3d at 708.

. Gall, 552 U.S. at 46-51, 128 S.Ct. 586.

. See, e.g., United States v. Lopez-Moreno, 532 Fed.Appx. 567 (5th Cir.2013) (unpublished) (per curiam) (finding no abuse of discretion in the imposition of a 96-month sentence when the top of the advisory range was 57 months); United States v. Gutierrez, 635 F.3d 148, 154-55 (5th Cir.2011) (finding no abuse of discretion in the imposition of a sentence of 50 months when the top of the advisory range was 21 months); United States v. Williams, 517 F.3d 801, 805-13 (5th Cir. 2008) (finding no abuse of discretion in the imposition of a 172-month sentence where the top of the advisory range as calculated by the district court was 97 months and the top of the range as re-calculated on appeal was 121 months); United States v. Brantley, 537 F.3d 347, 348-50 (5th Cir.2008) (finding no plain error in the imposition of a 180-month sentence where the top of the advisory range was 51 months); United States v. HerreraGarduno, 519 F.3d 526, 531-32 (5th Cir.2008) (finding no abuse of discretion in a 60-month sentence when the top of the advisory range was 27 months); United States v. Smith, 417 F.3d 483, 490-93 (5th Cir.2005) (upholding a 120-month sentence, the statutory maximum, when the top of the advisory range was 41 months); United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir.1995) (affirming departure from guidelines maximum of 71 months to sentence of 240 months).

. Irizarry v. United States, 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008); United States v. Jacobs, 635 F.3d 778, 782 (5th Cir.2011).

. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992) (citations and quotation marks omitted); see also United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir.2006).