# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

EMILIO DE LA GARZA-MONTEMAYOR,
   Also Known as Emilio Del La Garza Montemayor,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-436-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41009

Emilio de la Garza-Montemayor pleaded guilty of illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 48 months of imprisonment, a variance from the advisory guideline range of 57 to 71 months, and no supervised release.  He claims that his sentence is unreasonable because the district court failed to grant him an 18-month sentence, giving due consideration to the 18 U.S.C. § 3553 sentencing factors.  De la Garza-Montemayor acknowledges that the court did grant his request for a variance, but he contends that the variance was not sufficient, and he maintains that the court failed to give due consideration to the fact that his previous conviction was 12 years before the current one.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Because the record reveals no objection to the sentence, the plain-error standard of review applies. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009); *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

De la Garza-Montemayor's counsel asked the district court to consider the age of the earlier conviction, but he stated that the main concern was the health problems of the defendant and those of his family.  The court heard and considered the attorney's arguments concerning his reasons for requesting a variance.  The court took into account de la Garza-Montemayor's personal

2

No. 16-41009

history and characteristics and the other statutory factors in § 3553(a), including his prior conviction for drug trafficking and his health problems, before imposing sentence.

De la Garza-Montemayor's briefing does not show a clear error of judgment in balancing the § 3553(a) factors; instead, he merely disagrees with the weighing of those factors. *See Cooks*, 589 F.3d at 186. At sentencing, he personally argued for more weight to be given to his health problems. He should not be heard to urge now that the court did not give enough weight to the age of his earlier conviction, and he has not demonstrated that the district court plainly erred. *See Puckett*, 556 U.S. at 134–35; *Peltier*, 505 F.3d at 391–92.

The judgment is AFFIRMED.