# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11559

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee

v.

PAUL ANTHONY MONTANEZ,

      Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-172-1

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Montanez argues in this appeal that his 300-month sentence is substantively unreasonable and that a special condition of his supervised release constitutes reversible plain error. Because Montanez does not show that the district court failed to account for a significant factor, gave significant weight to irrelevant or improper factors, or clearly erred in balancing the sentencing factors, we hold that his sentence is not substantively

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-11559

unreasonable.  We modify the special condition at issue to restrict Montanez's access to all electronic games that allow Internet communication between players.  AFFIRMED AS MODIFIED.

## I.

Paul Anthony Montanez pleaded guilty to a single count of enticement of a child, which is a violation of 18 U.S.C. § 2442(b).  Montanez approached the 13-year-old male victim in a park and claimed he wanted to buy his bicycle.  They exchanged phone numbers.  Montanez communicated with the victim via text message and the Kik messaging application.  Montanez's messages included at least six nude photographs of minor females and an offer to pay the victim if he helped Montanez "get fresh girls" into his vehicle.  The victim revealed the messages to his school counselor who contacted local police.

A local police officer was given consent to search the victim's phone and to assume his identity via text message and on Kik.  Montanez began communicating with the officer who he presumed was the victim and sent a video of himself sexually assaulting an unconscious adult female.   Montanez then asked the presumed victim to share the video with his girlfriend and to send pictures of her.  Montanez sent other messages asking the presumed victim which school he attended and instructed him to find Montanez a girl there.  Montanez then drove past the school and sent a message about the "virgin" girls he saw.

Another officer simultaneously assumed the identity of the victim's 13-year-old girlfriend and began communicating with Montanez.  Montanez sent the video of him sexually assaulting an unconscious female and a nude picture of himself to the officer posing as the 13-year-old girlfriend. Montanez also indicated that he wanted to engage in various sexual acts with her.  Montanez eventually asked the presumed 13-year-old girlfriend to meet him at a car wash near her school to engage in intercourse.  Montanez was arrested when

he arrived at the car wash and officers found three mattresses, methamphetamine, tape, and a trash bag with candy in his vehicle.  Officers also found a video on Montanez's cell phone of him masturbating next to a sleeping minor female's head.  Two other videos on Montanez's phone showed him filming a sleeping minor female.  Montanez also planned to give the victim's girlfriend a cell phone containing a video of him simulating the penetration of prepubescent girls' buttocks.

The Presentence Investigation Report (PSR) assessed a Guidelines range of 120 to 150 months based on a total offense level of 27 and a criminal history category of V.  However, the PSR also noted that an upward variance may be warranted because "numerous circumstances . . . were not adequately taken into account in the guidelines calculations."  According to the PSR, Montanez attempted to coerce the victim into helping him kidnap minor females, filmed and sent multiple videos of actual and simulated sexual assaults, and scouted middle schools.  He also searched on-line for pornography involving the rape and abuse of unconscious and mentally handicapped females and photographed "a prepubescent minor female's crotch and buttocks," which he sent to the victim.  The PSR indicated an upward variance may be warranted because other federal or state charges could have been pursued based on Montanez's possession of 18 images constituting child pornography.

Montanez filed written objections to the PSR that focused on the facts supporting a variance.  The PSR was adjusted to address Montanez's initial objection that his enticement of the victim was already accounted for in the Guidelines calculation and other objections not relevant to this appeal.  The adjusted sentence was 121 to151 months, and the probation officer stood by her findings supporting an upward variance.  The district court adopted the PSR over Montanez's objections.

No. 18-11559

The government proposed an upward variance of 240 months' imprisonment, to which Montanez objected.  The district court sentenced Montanez to 300 months' imprisonment, consecutive to his sentences for unrelated state offenses and a federal probation violation, followed by a lifetime term of supervised release.

The district court at sentencing stated that "the properly calculated Guidelines in this case are wholly inadequate to take into account [Montanez's] level of predatory nature" and that a 300-month sentence would "appropriately address the [§] 3553 factors," particularly that it was "necessary to protect the public from future crimes of the Defendant."

Montanez objected to the sentence "for all the reasons that [he] stated in [his] filings with the [c]ourt" and "for all the reasons stated . . . in court." He timely appealed the sentence and special supervised release conditions.  *See* FED R. APP. P. 4(b)(1)(A).

## II.

We first address the substantive reasonableness of Montanez's sentence and then evaluate whether the challenged condition of his supervised release constitutes reversible plain error.

## A.

Montanez objected to the PSR because he claimed that his attempted use of the minor victim, his producing and sending sexually graphic videos, his Internet searches for middle schools, and his other sexually explicit Internet searches were already considered by the Guidelines in establishing his advisory sentencing range.  He also argued that his scouting of the minor victim's middle school and sending the video in which he simulated anal penetration of prepubescent girls were irrelevant factors because of their *de minimis* nature compared to the offense of conviction.  Finally, Montanez claimed that his sending of the video in which he sexually assaulted a sleeping

No. 18-11559

woman, his sending photos of prepubescent girls, and his possession of child pornography would, if resulting in separate convictions, support only a three-level increase in his offense level.

After the district court pronounced his sentence, Montanez objected "for all the reasons" he stated in his previous court filing and objected "for all the reasons" he gave orally at sentencing.[1]  We need not address whether Montanez's objections were specific enough to constitute objections to the sentence's substantive reasonableness because his arguments fail even under the abuse-of-discretion standard of review.

**1.**

Our review of the district court's sentencing decision is limited to determining whether a sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007).  Montanez does not challenge his sentence's procedural soundness and we determine no procedural fault exists, so we will only evaluate his sentence's substantive reasonableness. *Id.* at 51.  We review a sentence's substantive reasonableness under an abuse-of-discretion standard whether it is inside or outside the Guidelines range. *Id.*  Because we must also "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of [a] variance," we will not apply a presumption of unreasonableness to a non-Guidelines sentence. *Id.*  Even if a different sentence may have been more appropriate, that is insufficient to justify reversal. *Id.*  Because Montanez's substantive reasonableness challenge was arguably preserved and fails even under the abuse-of-discretion standard, we

---

[1] The Supreme Court recently granted certiorari to resolve whether a formal objection after pronouncement of sentence is necessary to avoid the plain error standard in subsequent appellate reasonableness review of the length of a defendant's sentence. *United States v. Holguin-Hernandez*, 746 F.App'x 403 (5th Cir. 2018), *cert. granted*, —— U.S. ——, 139 S.Ct. 2666, 204 L.Ed.2d 1068 (2019) (No. 18-7739).

will apply the less deferential standard.[2]  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A non-Guidelines sentence must be reasonable "under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quoting *United States v. Jones*, 444 F.3d 430, 441 (5th Cir. 2006)). A non-Guideline sentence unreasonably fails to reflect statutory sentencing factors if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Our "review for substantive reasonableness is 'highly deferential,' because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (quoting *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010)).

First, Montanez argues his sentence is substantively unreasonable because the district court based the sentence on "facts that [were] already factored into the applicable [G]uideline range, added no substantial weight to the offense, and . . . would have resulted in a significantly lower [G]uideline range [if they had resulted in a conviction]." Montanez cites the district court's "recitation of the fact that [he] believed that he was going to have sex with a middle school girl . . . [which] merely alludes to the kind of behavior that typically is associated with an enticement charge." He also claims that "the district court's leverage of [his] attempted use of the [victim] in his scheme was misplaced." This argument is foreclosed by our precedent, which allows

---

[2] Montanez and the government agree that Montanez preserved this argument and that his sentence's substantive reasonableness should be reviewed for abuse of discretion.

district courts to rely on "factors already incorporated by the Guidelines to support a non-Guidelines sentence." *Brantley*, 537 F.3d at 350 (citing *United States v. Williams*, 517 F.3d 801, 810–11, 811 n.55 (5th Cir. 2008)). Therefore, the district court did not abuse its discretion by considering factors already considered by the Guidelines.

Second, Montanez argues that his sentence is substantively unreasonable because the district court leveraged facts that were irrelevant to his conviction and any uncharged offenses. The standard for a "substantively unreasonable" sentence requires the district court to have given "significant weight to an irrelevant or improper factor." *Smith*, 440 F.3d at 708. Montanez faults the district court for "leveraging" the fact that he met the victim in a public park. The victim did not knock on Montanez's door, enter his yard, or otherwise initiate contact. Rather, Montanez visited a community park where children gather and asked the victim to help him "snatch" girls from the park. Because there is an apparent connection between Montanez meeting the victim in a public park and his enticement offense, we determine that the district court did not significantly rely upon an irrelevant factor.

Montanez further faults the district court for "leveraging" the fact that duct tape was found in his vehicle. Possession of duct tape may ordinarily be irrelevant, but Montanez fails to acknowledge that he asked the victim to help him kidnap minor females in his vehicle and intended to have intercourse with a minor female in the same place he kept duct tape. He also fails to mention that mattresses, candy, and methamphetamine were in his vehicle along with the duct tape. Because there is an apparent connection between Montanez's duct tape and his stated kidnapping intentions along with his enticement offense, we determine that the district court did not significantly rely upon an irrelevant factor.

Nonetheless, Montanez fails to show that the facts he characterizes as irrelevant were anything more than secondary concerns or additional justifications for the district court's upward variance.  *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *United States v. Walker*, 742 F.3d 614, 617 (5th Cir. 2014).  Because Montanez only challenges the relevancy of secondary facts that merely provided additional justification for the sentence, his second argument also fails to demonstrate abuse of discretion.

Finally, Montanez argues his sentence is substantively unreasonable because 300 months is nearly double the Guidelines range.  However, this court has previously upheld comparable upward variances in other sex offense cases.  *See, e.g. United States v. Diehl*, 775 F.3d 714, 725–26 (5th Cir. 2015) (affirming a 600-month sentence on a Guidelines range of 210 to 262 months in a child pornography case); *United States v. Segura*, 747 F.3d 323, 326–27 (5th Cir. 2014) (affirming a 120-month sentence on a Guidelines range of 33 to 41 months in a failure to register case); *United States v. Schmidt*, 552 F. App'x 300, 304–06 (5th Cir. 2004) (unpublished) (affirming a 444-month sentence on a Guidelines range of 240 to 293 months in a child exploitation enterprise case). Because Montanez did not cite a single case in which this court vacated a similar sentence for being unduly harsh, his third argument also fails.

Montanez fails to establish that the district court did not account for a factor worthy of significant weight, gave significant weight to irrelevant or improper factors, or clearly erred in balancing the sentencing factors.  *Smith*, 440 F.3d at 708.   The district court reviewed Montanez's sentencing memorandum, listened to his attorney's arguments at sentencing, and consulted the § 3553(a) factors.  The district court also considered Montanez's personal testimony regarding his background and the nature of his offense. The district court made the required individualized assessment and was free to conclude that the Guidelines range in Montanez's case gave insufficient

weight to the nature and circumstances of his offense and the need to protect the public. *See United States v. Hall*, 575 Fed. App'x. 328, 330 (5th Cir. 2014) (unpublished); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *Williams*, 517 F.3d at 809. Accordingly, there is no substantive error in Montanez's 300-month sentence.

## B.

We now address the challenged condition of Montanez's supervised release. At the sentencing hearing, Montanez confirmed that he reviewed the special supervised release conditions listed in the judgment and that he had no objection.[3] However, Montanez on appeal challenges Special Condition No. 18's restrictions on "(1) us[ing] or possess[ing] any gaming consoles" or "(2) download[ing], possess[ing], and/or install[ing] copyrighted materials" without prior authorization as being violative of his First Amendment rights, unreasonably overbroad, and a greater deprivation of liberty than reasonably necessary to satisfy the purposes of § 3553(a). We review the challenged condition for plain error. Both parties agree that the challenged condition, which would restrict Montanez from purchasing any published book at all, is overbroad on its face. But, the government maintains that we can trust the special condition will be given a common-sense narrowing in its application.

District courts have broad discretion to impose special conditions of supervised release. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015) (per curiam). Yet, their discretion is limited by 18 U.S.C. § 3583(d), which requires conditions of supervised release to be "reasonably related" to one or more of four factors enumerated in 18 U.S.C. § 3553(a):

---

[3] Condition No. 18 of the Special Terms of Supervised Release states that Montanez: "shall not use or possess any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo), he shall not download, possess, and/or install copyrighted material, or devices, without prior permission from the probation officer."

(1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). A special condition should also not impose any "greater deprivation of liberty than is reasonably necessary for the purposes" recognized by the last three factors. 18 U.S.C. § 3583(d)(2).[4] The sentencing court must state its reason(s) for imposing a sentence, and the reason(s) "must be either supported by a factual finding or otherwise evident from the record." *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (per curiam). Finally, special conditions must be "tailored to the individual defendant." *Id.*

The district court stated that Montanez's sentence and supervised release conditions would "address the [§] 3553 factors" and "protect the public from future crimes of the Defendant." According to the record, Montanez claimed the victim contacted him several times about an Xbox controller and *Call of Duty* games. He also used Kik, a smartphone application, to communicate with the victim. Based on our understanding of the record, the district court likely imposed this special condition to restrict Montanez from using electronic games to communicate with minors in the future.

We have previously vacated special supervised release conditions related to computer and Internet access for being overly broad. *See United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015) (per curium) (explaining that a lifetime ban on the defendant's access to a computer with Internet access was overly

---

[4] Any condition must also be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)." 18 U.S.C. § 3583(d)(3).

broad); *see also United States v. Heckman*, 592 F.3d 400, 405 (3rd Cir. 2010) (holding a lifetime ban on access to the Internet or a private computer network was overly broad).  However, the condition challenged by Montanez is different.  While we have never evaluated a special supervised release condition exactly like the one at issue, we have addressed unclear conditions that would be unreasonable and violative of substantial rights if enforced in the strictest manner.  *See United States v. Clark*, 784 F. App'x 190, 194 (5th Cir. 2019) (unpublished); *United States v. Melton*, 753 F. App'x 283, 289 (5th Cir. 2018) (unpublished); *United States v. Sealed Juvenile*, 781 F.3d 747, 756–57 (5th Cir. 2015).

We have discretion to modify special conditions without vacating the conditions altogether or remanding for clarification.  *See* 28 U.S.C. § 2106 (federal appellate courts "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review"); *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 401 (5th Cir. 2019) ("[W]e modify the written judgment . . . to remove any doubt regarding the scope of the special conditions and what they require of Appellant, leaving the other special conditions unchanged."); *United States v. Guerra*, 856 F.3d 368, 370 (5th Cir. 2017) ("Lest there be any doubt, we AFFIRM the sentence as MODIFIED.").

We conclude that the literal application of the special condition is overbroad, and we narrow it to its common-sense construction.  Because both parties agree that the special condition should be narrowed to require Montanez to obtain permission to play electronic games that allow Internet communication, we modify the condition accordingly.

AFFIRMED as MODIFIED.

11