# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2020

Lyle W. Cayce
Clerk

No. 18-10195

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

DION CLARK,

> Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-115-1

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In 2017, Dion Clark and others robbed a Walgreens in Burleson, Texas. Clark later pleaded guilty to conspiracy to interfere with commerce by robbery, a violation of 18 U.S.C. § 1951(a), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to 150 months for each conviction and ordered the time for each conviction to be served consecutively.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10195

Clark's sentence also included five years of supervised release and a restitution order of $6,162.50. Clark appealed.

In his opening brief, Clark argued that 18 U.S.C. § 924(c) is unconstitutionally vague.[1] In particular, he asserted that the terms "force" and "violence" were not defined in the statute and were therefore vague. He also said that the term "crime of violence" was "vague and open to interpretation."

After Clark filed his initial brief, we held Clark's appeal in abeyance pending the issuance of our mandate in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). That decision was affirmed in part, vacated in part, and remanded by the Supreme Court. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The Court held that the residual clause of § 924(c) was unconstitutionally vague. *See id.* Following our decision on remand, *United States v. Davis*, 784 F. App'x 277 (5th Cir. 2019), the Government and Clark both filed letters pursuant to Federal Rule of Appellate Procedure 28(j).

In his 28(j) filing, Clark contends that he made "essentially" the *Davis* argument in his initial brief. He did not. In his various vagueness arguments, he made no mention of § 924(c)'s residual clause *at all*—much less did he argue that clause is vague. Nor did Clark cite or discuss any decisions holding any other residual clause is unconstitutionally vague. In determining what issues have been presented for appeal, we may "liberally construe briefs," *SEC v. Recile*, 10 F.3d 1093, 1096 (5th Cir. 1993), but we cannot rewrite them. Furthermore, Clark's 28(j) filing did not cure a more fundamental problem: his failure to argue plain error at all.

"We may review a claim raised for the first time on appeal, even when based on an intervening Supreme Court decision, only for plain error." *United*

---

[1] Clark's arguments about the breadth of Texas law governing robbery are irrelevant, as his predicate crime for the § 924(c) conviction was a violation of federal law: 18 U.S.C. § 1951(a).

2

No. 18-10195

*States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009). On plain-error review, a "defendant must show (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019) (internal quotation marks omitted). At no point has Clark argued that the sentencing court's decision on this issue was plain error.

Even if we assumed that Clark met the first two prongs of plain-error review simply by arguing the court below was wrong, he would still have failed to carry his "burden to show prejudice," *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016), and his burden to "to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings," *United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013). In the past, we have "refused to correct plain errors when . . . the complaining party makes no showing as to the fourth prong." *United States v. Rivera*, 784 F.3d 1012, 1019 n.3 (5th Cir. 2015) (collecting cases). Here, the complaining party has offered no argument on plain error generally and has made no showing whatsoever on either prong three or four. As such, we decline to correct any plain error here.[2]

Clark also argues for the first time on appeal that there was insufficient evidence that his § 1951(a) offense affected interstate commerce. But Clark "stipulate[d] and agree[d] that he obstructed, delayed, or affected interstate commerce of the Walgreens Pharmacy described above by robbing the

---

[2] The Government acknowledged that, if Clark had properly raised and briefed his vagueness challenge to the residual clause, "Clark's conviction on Count Two [could not] stand" after *Davis*. And we note that Clark expressed frustration with his attorney for failing to raise a *Davis* argument. *See* Unfiled Letter from Clark, 4/10/2020. Unless Clark can show that he received constitutionally ineffective assistance of counsel, however, he remains bound by his attorney's litigation decisions. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991).

business." He also agreed to the same at his rearraignment hearing. Additionally, the presentence report ("PSR") noted that the robbers stole both cigarettes and medications from the Walgreens. Clark offers no reason to disregard his earlier statements and stipulations, and points to no evidence that his crime lacked a "minimal effect on interstate commerce." *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997). We have previously found this *de minimis* evidentiary standard satisfied where a criminal's conduct caused "the interruption of commerce" at gas stations dealing in out-of-state goods. *See United States v. Davis*, 30 F.3d 613, 615 (5th Cir. 1994). So too here. There was no error on this issue, plain or otherwise.

Next, Clark challenges the reasonableness of his sentence. In cases like this one, we first consider whether the district court committed some significant procedural error, and then we determine whether the sentence was substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Diehl*, 775 F.3d 714, 722–23 (5th Cir. 2015). We review the sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We find none here.

First, Clark argues his sentence was procedurally unreasonable because the district court did not sufficiently explain its reasons for imposing an above-Guidelines sentence. The advisory Guidelines range for Clark's § 1951(a) conviction was 84–105 months, and the statutory minimum for his § 924(c) conviction was 84 months. In reaching an above-Guidelines sentence, the court found by a preponderance of the evidence that Clark had committed a host of other offenses described in the PSR, and noted that while in state custody for another offense, Clark had 28 disciplinary infractions. The court also adopted the PSR's factual findings, and the PSR in turn discussed Clark's "prior robberies, prior drug distribution activity, and prior participation in a 'pill mill' operation," as well as his prior conviction for aggravated robbery with a deadly

weapon. The Guidelines had not taken much of that conduct into account, but the judge was entitled to do so, and both his explanation at sentencing and his written statement of reasons show that he did. In short, the record shows the sentencing judge "adequately explain[ed] the chosen sentence . . . ." *Gall*, 552 U.S. at 50.

Clark also challenges the substantive reasonableness of his sentence. His argument focuses on the extent of the district judge's upward variance. Our review is highly deferential. *Diehl*, 775 F.3d at 724. When reviewing an above-Guidelines sentence, we consider the totality of the circumstances and "'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (quoting *Gall*, 552 U.S. at 51). The district court emphasized that Clark's past criminal conduct showed he posed a danger to society, and the court's statement of reasons showed it considered several factors under 18 U.S.C. § 3553(a), including the nature of the offenses at issue, Clark's history and characteristics, the need to deter future criminal conduct, and public safety. Our court has previously recognized that "the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). Considering the totality of the circumstances and giving due deference to the district court, we find no abuse of discretion here.

Clark next contends that he should have received a downward variance under § 3353(a) for his "substantial assistance" to authorities. Clark moved for a reduction on this basis at his sentencing hearing, so we review for clear error. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). None exists here. True, Clark discussed various crimes with the FBI. But Clark's witness

on this point, an FBI agent who investigated the robbery, explained that "none of the information [Clark] provided was able to further any ongoing case or establish any new case." The agent also agreed that although Clark provided some information, that information "wasn't as reliable and candid" as law enforcement had expected it to be. That testimony certainly does not undermine the district court's conclusion, and mere disagreement with the district court's weighing of the § 3353(a) factors is not enough. *See, e.g.*, *United States v. de la Garza-Montemayor*, 676 F. App'x 333, 334 (5th Cir. 2017); *United States v. Lopez-Moreno*, 532 F. App'x 567, 570 (5th Cir. 2013). On this record, we hold the district court did not clearly err by denying Clark's motion.

Clark also argues that he should have received a sentence reduction for acceptance of responsibility. On this question, we review the district court's decision "with even more deference than the pure 'clearly erroneous' standard. We will overturn the district court's conclusion [on this issue] only if it is without foundation." *United States v. Brenes*, 250 F.3d 290, 292 (5th Cir. 2001) (citations omitted). It is not. First, the PSR detailed how Clark's "inconsistent and inaccurate statements" did not support a reduction for acceptance of responsibility. Then the FBI agent's testimony reinforced the same conclusion. Specifically, the FBI agent testified that Clark was not "truthful" in his interviews, and that Clark denied involvement in a number of robberies before admitting he had served as a driver in those robberies, and that even after that, Clark denied involvement in other crimes the FBI had reason to believe he participated in and planned. Accordingly, the district court's conclusion was not without foundation.[3]

AFFIRMED.

---

[3] Clark briefly lists several other arguments that he concedes are foreclosed by precedent or otherwise unavailing.